[No. 2143. Decided July 23, 1896.]

# A. POTTER, *Respondent*, v. A. L. BLACK *et al.*, *Appellants*.

MUNICIPAL CORPORATIONS — POWER TO PURCHASE LAND AT TAX SALE —
ASSESSMENTS — WHEN DELINQUENT — PAYMENT OF WARRANTS — CON-
SOLIDATED CITIES — LIABILITY FOR DEBTS OF FORMER CORPORA-
TIONS.

The city of Whatcom had power to purchase land at a sale for
delinquent street improvement assessments, under the provisions
of its charter (Laws 1883, p. 150) which authorizes a purchase by
the city treasurer for the city of such town lots and lands as cannot
be sold for the amount of taxes, interest and charges thereon, when
offered for public sale.

Under the provisions of the charter of the city of Whatcom (Laws
1885-6, p. 430, §§ 9, 10), providing that after the council shall have
approved of an assessment for a street improvement, "they shall
by ordinance establish the same and require the payment of said
assessment within thirty days," and that upon complaint of any
person aggrieved, within thirty days from the first publication of
notice of the assessment, the council may amend same as to them
may seem just, the action of the council in granting a rebate of a
portion of such assessment more than three months subsequent to
the passage of an ordinance establishing the assessment is unwar-
ranted, though the council may not by resolution have declared the
assessment delinquent until after such attempted rebate.

The treasurer of a city may be required to pay moneys in the
treasury in a special fund upon warrants drawn thereon, although
there may not be enough money therein to pay the face of the war-
rant, with the interest thereon.

The act of March 21, 1895 (Laws, p. 379), providing that the
treasurer of a city shall issue a call for warrants whenever he has
$500 on hand, except in cases where the oldest outstanding warrant,
with interest, exceeds the sum of $500, in which case he shall wait
until funds sufficient accumulate, does not apply to warrants drawn
against a special fund, which fund cannot be devoted to any other
purpose.

Where a consolidation of two cities has been effected under the
provisions of Gen. Stat., §§ 497, 502, such consolidated city may be
required to set apart from its current revenues a sufficient amount
to liquidate certain warrants issued against a particular fund of one
of the former corporations.

Appeal from Superior Court, Whatcom County.—
Hon. JOHN R. WINN, Judge.   Affirmed.

*John H. Sargent,* and *Phil Gallaher,* for appellants.

*D. W. Freeman,* and *S. A. Callvert,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent is the owner and holder of
street improvement warrants of the city of New What-
com, numbered from 27 to 32, inclusive, each in the
sum of $500, four of which bear date September 3,
1890, and were on that day presented for payment to
the treasurer of the city and indorsed " not paid for
want of funds."   The remaining two bear date Sep-
tember 24, 1890, and were in like manner presented
and indorsed on September 25.   Each of said war-
rants is in the following form:

"No. 27.   Street Improvement Warrant.   $500.   As-
sessment District No. 31, G. Street, Whatcom, Wash.,
Sep. 3rd., 1890.

Treasurer of the City of Whatcom:   Pay to McCas-
kill & Singleton, or order, the sum of Five Hundred
Dollars out of Street Improvement Funds, District
No. 31, under Ordinance No. 121, not otherwise ap-
propriated.

W. M. LEACH, City Clerk.

W. J. PRATT, Mayor."

(Seal of City of Whatcom).

Endorsed as follows:   " Presented for payment Sep.
3rd., 1890, and not paid for want of funds.

MORRIS McCARTY, City Treasurer.

McCASKILL & SINGLETON, per Mc."

Upon application of the respondent an alternative
writ of mandate was issued in the lower court requir-
ing the appellants,— the mayor, treasurer, and city
council of the city of New Whatcom to apply on ac-
count of said warrants such sums of money in the

street improvement fund, district No. 31, then in the hands of the treasurer; also "that you do apply the moneys received by you from time to time, in the said "street improvement fund, district No. 31," as the same are received, immediately upon said warrants No. 27, 28, 29, 30, 31 and 32, as aforesaid, until the whole amount thereof, including interest at the rate of ten per cent per annum from the date of the presentation of said warrants to the city treasurer for payment . . . shall have been fully paid and discharged, or that you show cause," etc. The alternative writ recited, among other things, that for the purpose of paying for the improvement on G street, the city of Whatcom, under Ordinance No. 121, levied an assessment upon the property benefited by said improvement in the amount of $17,380.58; that all sums unpaid on said assessment became delinquent June 20, 1890, and that the property on which said assessment was delinquent was offered for sale on November 22, 1890, in the manner provided by law; that at such sale the city of Whatcom was a bidder thereat, and bid off in its name and became the purchaser of said delinquent property to the amount of $2,787.70; that all of said assessment for the improvement of G street, except the sums so levied upon the property so purchased by the city of Whatcom, has been paid into the treasury of said city to the credit of Improvement Fund, District No. 31; that said city of Whatcom became a part of the city of New Whatcom, by virtue of the consolidation of the city of Whatcom with the city of New Whatcom, under the name of the city of New Whatcom on the 16th day of February, 1891; that the property so purchased at such sale for delinquent assessments became the property of the city of New Whatcom, and that the same, with

the exception of certain lots which have been re-
deemed from said sale, on which the assessment
amounts to $917.60 is still the property of said city
and forms a part of its assets; that said last mentioned
city and the city of New Whatcom have each neg-
lected and failed to reimburse said fund to the amount
due and owing upon said property so bid off and pur-
chased by the city of Whatcom; that there is due and
owing said Street Improvement fund, District No. 31,
from the city of New Whatcom $2,004.10, with inter-
est from November 22, 1890; that the city council of
the city of Whatcom and New Whatcom has at vari-
ous times since said assessment was levied, granted
rebates of the taxes assessed and levied against certain
pieces of property abutting said improvement amount-
ing to $475.51, and that in justice to respondent as
holder of the aforesaid warrants, the appellant should
reimburse said special fund to the amount of such
rebates; that the city council has refused to make
any provision for the payment of the aforesaid war-
rants although demanded so to do; further, that the
treasurer of the city of New Whatcom has in his
hands $629.49 belonging to the " Street Improvement
Fund, District No. 31," which he refuses to apply to-
wards the payment of respondent's warrants; that
respondent's warrants are the oldest outstanding war-
rants against said fund; and that all warrants drawn
thereon prior to the issuing of respondent's warrants
have been paid.

Appellants made answer to the alternative writ in
which they denied that the assessment became delin-
quent June 20, 1890, denied that the city of Whatcom
became a bidder or purchaser of real estate at said
sale, and denied that the city of New Whatcom is
owing the " Street Improvement Fund " any sum

whatever; also denied that any rebate to property owners in said district was allowed subsequent to the date when the assessment was declared delinquent by the city council of the city of Whatcom.

A jury having been expressly waived, the trial court, having made its findings of fact and conclusions of law, entered judgment in favor of respondent, awarding a peremptory writ. This appeal is from said judgment.

It is stated in appellants' brief that "there are but four main propositions for the court to pass upon in a decision in this case."

"1st. Had the city of Whatcom power under its charter and the laws of the state of Washington to purchase land at a sale for delinquent street grade taxes, and if so, did said city purchase any land at the sale of November 22nd, 1890, for the city of Whatcom as set out in the sixth paragraph of the findings of the court?

"2nd. Did the city of Whatcom make any rebate of taxes to the property holders in assessment district No. 31, after the date on which said assessment became delinquent?

"3rd. Can the city treasurer be compelled to pay a part of a warrant drawn against a particular street fund when he has not money enough in his hands to pay the whole of it?

"4th. Can a consolidated city be compelled to set apart from its current revenues a sufficient amount to liquidate certain warrants that were issued against a particular fund of one of the former corporations?"

1. Answering the first question embraced in proposition one, we think the city of Whatcom had power under its charter to purchase land at a sale for delinquent street taxes; that power was conferred by § 9 of its charter, which reads:

."When any land or town lots cannot be sold for the

amount of taxes, interest and charges thereon, such lands or town lots shall be passed over and re-offered for sale before the close of the sale, and if the same cannot then be sold for the amount, such lands or town lots shall be purchased by the city treasurer, for the amount due thereon, for the city." Laws 1883, p. 150.

We also think that the lower court correctly found :

"That the property on which such assessment was delinquent, was offered for sale by the city marshal of said city of Whatcom, on the 22nd day of November, 1890, (and that at such sale, the city of Whatcom became and was, a bidder thereat, and bid off in its name certain real estate, on which such assessment was delinquent, to the amount of $2,787.70.)"

2. In order to answer the second question involved in this case it becomes necessary to determine the date on which the assessment upon the property lying in the assessment district became delinquent. It appears from the record that Ordinance No. 121 authorizing this levy was adopted on May 20, 1890. Section 10 of the act of February 3, 1886, entitled "An act to amend an act entitled an act to incorporate the city of Whatcom," (Laws 1885-6, p. 430), provides that after the council shall have approved of the assessment and apportioned the cost of the improvement " they shall by ordinance establish the same and *require the payment of said assessment within thirty days*," etc., and § 9 of the same act provides that " Any person considering himself aggrieved by such appraisement and assessment, may apply to the city council at any time within thirty days from the first publication of said notice, for a modification of said assessment, and the council may amend the same as to them may seem just."

It also appears that no application was made for

any modification of the assessment as established by said Ordinance No. 121 until September 9, 1890, on which date the record shows that a reduction was made in the assessment of certain property lying within the said assessment district, amounting to $475.51. It is true, as claimed by counsel for the appellants that the city council on September 16, 1890, declared the assessment delinquent, and that the reduction had been made as a matter of fact one week prior thereto, but we think that under the charter provisions above set out the assessment had in fact become delinquent long prior to the resolution of the council to that effect, and that the action of the council on September 9, 1890, which professed to grant said rebates was without jurisdiction and unauthorized, and "in violation of its duty to the holders of said warrants."

3. Appellants contend that the treasurer "is not compelled to pay and need not make a call for outstanding warrants which exceed the sum of $500 unless he has sufficient money on hand to pay the face of the warrant, together with all interest thereon." This contention is based upon section one of the act of March 21, 1895 (Laws, p. 379), relating to the payment of warrants, but we are disposed to agree with the claim of the respondent that this law is not applicable to warrants of the character of respondent's, which are drawn against a special fund, which fund cannot be devoted to any other purpose, and there is neither force nor reason which would require that this money — amounting to over $600,— should be retained in its treasury to the credit of said fund while there were warrants outstanding bearing a high rate of interest. *Soule v. Seattle*, 6 Wash. 323 (33 Pac. 384, 1080).

4. Section 502, Gen. Stat. (Vol. 1, Hill's Code), provides the manner in which " two or more contiguous municipal corporations may become consolidated into one corporation," and further provides that: "All the provisions of §§ 497 . . . of this volume of General Statutes shall apply to such corporation, and to the officers thereof." This last mentioned section provides that —

"Any city or town organized under the provisions . . . shall . . . be deemed and taken to be in law the identical corporation theretofore incorporated and existing, and such reorganization shall in nowise affect or impair . . . any debts, demands, liabilities, or obligations existing in favor or against such corporation," etc.

The provisions of these two sections make it plain that the city of New Whatcom is liable on account of the warrants in question to the same extent, and in the same degree, that the city of Whatcom was, or would be, had no consolidation been effected.

We do not feel called upon to notice the other propositions suggested in appellants' brief; they are formal objections to the writ and judgment. We think they are without merit, but, in any event, they do not present any question considered by the lower court, and for this reason cannot be considered here.

No error being apparent of record, the judgment will be affirmed.

ANDERS and DUNBAR, JJ., concur.