MARY A. TRAINOR ET AL., APPELLANTS, V. MAVERICK LOAN & TRUST COMPANY, APPELLEE.

FILED FEBRUARY 6, 1908. No. 15,002.

1. **Constitutional Law: TAXATION.** An act for levying taxes and providing the means of enforcement is within the unquestionable power of the legislature.

2. **Due process of law** does not necessarily require a judicial hearing in matters of taxation.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*William Mitchell,* for appellants.

*C. Patterson, contra.*

DUFFIE, C.

The plaintiffs are the only heirs at law of Wiliam Trainor, deceased. The deceased was the owner of the northeast quarter of section 34, township 25, of range 47, in Box Butte county, Nebraska. The taxes assessed against said land for the year 1902 were not paid, and the defendant at the regular tax sale, held November 2, 1903, purchased the same for the delinquent taxes thereon. Due notice of the expiration of the time to redeem was given by the defendant, and the parties interested in the estate failed to redeem from the tax sale. The treasurer of Box Butte county, upon the surrender of the tax sale certificate, made a deed to the defendant for the said premises, under which it claims to be the owner of the land. In their petition the plaintiffs allege the foregoing facts, and further state that prior to the commencement of this action they tendered to the defendant the full amount of the taxes for which the land was sold, together with the subsequent taxes paid thereon, with interest and costs, and that they made a like tender to the treasurer of Box Butte county; that the defendant refused to recognize the right of the plaintiffs to redeem from the tax sale, whereupon

they brought this action asking that the tax deed be canceled and set aside upon the payment to the defendant of such amount as the court may find it entitled to receive on account of its purchase of the premises and of subsequent taxes paid thereon. A demurrer to this petition was interposed by the defendant and sustained by the trial court. Plaintiffs elected to stand on their petition, and the court thereupon entered judgment dismissing the petition and awarding costs to the defendant. The appeal is taken from this judgment.

Plaintiffs do not complain of any illegality in the tax for which the land was sold, nor of any irregularity in the sale, or of the proceedings leading up to the making of the tax deed. The complaint is that a sale of real estate made by the treasurer of the county, for delinquent taxes, in the absence of some proceeding in court is unconstitutional and void; that it is an attempt on the part of the legislature to deprive the plaintiffs of their property without due process of law. It has never been held that the state may not adopt summary or even stringent measures for the collection of taxes, so long as they are administrative in their character, and it was never held that such proceedings are open to the objection that they divest the citizen of his property without due process of law. While one is to be protected in his interests by the "law of the land," and to have the judgment of his peers in those cases in which it has immemorially existed, or in which it has been expressly given by law, there is no decision to be found that it is necessary for judicial action in every case for which the property of the citizen may be taken for the public use. On the contrary, a legislative act for that purpose, when clearly within the limits of legislative authority, is of itself of the law of the land. *Spencer v. Merchant*, 125 U. S. 345. An act for levying taxes and providing the means of enforcement is within the unquestioned and unquestionable power of the legislature. *Kelly v. Pittsburg*, 104 U. S. 78. Due process of law does not necessarily require a judicial hearing in matters of taxa-

tion. *State v. Sponaugle*, 45 W. Va. 415. "The existence of government depending on the prompt and regular collection of revenue must, as an object of primary importance, be insured in such a way as the wisdom of the legislature may prescribe." Cooley, Taxation (3d. ed.), 54; *Leigh v. Green*, 64 Neb. 533, 193 U. S. 79; *Woodrough v. Douglas County*, 71 Neb. 354. The fact that the taxes for which the land was sold were levied under the law in force in 1902, and that the sale was had under the provisions of the revenue law enacted in 1903, cannot inure to the plaintiffs' advantage, as section 242 of the later act (Comp. St., ch. 77, art. I) reserves to the state and to all parties every right accruing to them under the law in force prior to the enactment of the last mentioned act.

The district court did not err in sustaining the demurrer to plaintiffs' petition, and we recommend an affirmance of the judgment appealed from.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.