[No. 21550.   Department Two.   April 18, 1929.]

J. M. DOTY, *Appellant,* v. HARRY SADDLER *et al.,*
*Defendants,* J. H. SADDLER *et al.,*
*Respondents.*[1]

*Chas. R. Sargent,* for appellant.
*Sam R. Sumner,* for respondents.

MAIN, J.—This action is based upon an account
stated.   After the action was instituted and before
judgment, an attachment was caused to be issued and
levied upon two warrants, the property of the defend-
ants, then in the possession of the Lake Chelan Recla-
mation District.   After the levy was made, the war-
rants were assigned to J. H. Saddler and J. B. Tedrow
for a preexisting indebtedness owing to them by the
defendants.   The assignees of the warrants then inter-

[1]Reported in 276 Pac. 891.

vened and moved to quash and set aside the writ of attachment. The cause came on for trial upon stipulated facts, based upon which the court made findings of fact and conclusions of law. In the principal action, judgment was entered against the defendants in the sum of $362.47. The judgment set aside the attachment as illegal and void, and assessed damages against the plaintiff for its wrongful issue and in favor of the interveners for the sum of fifty dollars. The plaintiff appeals from that part of the judgment assessing damages against him in the sum of fifty dollars and quashing and setting aside the attachment.

The interveners, who are the respondents upon the appeal, move to dismiss the appeal because they claim that, under the stipulation, the judgment of the superior court was made final and conclusive, and that there should be no right of appeal therefrom. We think, however, that the stipulation did not go this far. It cannot be construed as an agreement that there could be no appeal by the losing party from the judgment of the superior court. In the absence of such an agreement, the same right of appeal would exist when a judgment is entered after the facts are stipulated as in any other case. The motion to dismiss the appeal will be denied.

Upon the merits, the question is whether property of a third person in the possession of a reclamation or irrigation district is subject to attachment prior to the time that judgment has been entered in the principal action. It will be assumed, without so deciding, that the same rule would apply in the case of an attachment as in that of garnishment. Section 680-1, Rem. Comp. Stat., provides that,

"Counties, cities, towns, school districts and other municipal corporations shall be subject to garnishment . . . only after judgment shall have been entered against the defendant in the main action."

It will be observed that the words "other municipal corporations" follow the mention of counties, cities, towns and school districts. In *Columbia Irrigation District v. Benton County,* 149 Wash. 234, 270 Pac. 813, that part of § 2 of art. 7 of the constitution of this state was under consideration, which provides:

"That the property of the United States, and of the state, counties, school districts, and other municipal corporations, . . . shall be exempt from taxation."

It was there held that "other municipal corporations" did not include irrigation districts, because such districts were organized primarily for the benefit of the property owners within the district and were not municipal corporations in the strict and proper sense. It was there said:

"Coming now to the language of the constitution immediately before us, we are of the opinion that 'other municipal corporations' does not include irrigation districts and thereby exempt land property owned by the district from general taxation. The constitution provides that the property of the United States, the state, counties, school districts and other municipal corporations shall be exempt from taxation. Reading the language 'other municipal corporations' in connection with what immediately precedes it, it seems clear that the framers of the constitution did not intend to include within that exemption irrigation districts which are not municipal corporations in the strict and proper sense, but are corporations which are organized primarily for the benefit of the property owners within the district, and which have no civic governmental powers or functions."

As stated, the words "other municipal corporations," used in the constitution, follow the words "state, counties, school districts," which are corporations organized for the public welfare and for civic governmental purposes. In the statute now before us,

the words "other municipal corporations" follow the words "counties, cities, towns and school districts." It would seem to follow, from the holding in the case referred to, that reclamation or irrigation districts were not included within the words of the statute "other municipal corporations" and thereby exempt from attachment or garnishment prior to judgment.

That part of the judgment appealed from will be reversed, and the cause remanded with direction to enter a judgment as herein indicated.

MITCHELL, C. J., PARKER, MILLARD, and FRENCH, JJ., concur.