[No. 24865. *En Banc.* December 21, 1933.]

WASHINGTON NATIONAL INVESTMENT COMPANY *et al., Appellants*, v. GRANDVIEW IRRIGATION DISTRICT *et al., Respondents.*[1]

*E. N. Funk,* for appellants.
*Stephen E. Chaffee,* for respondents.
*Moulton & Powell, amicus curiae.*

[1]Reported in 28 P. (2d) 114.

GERAGHTY, J.—Chapter 43 of the 1933 Session Laws, p. 248, amends several sections of Rem. Comp. Stat., relating to the organization and government of irrigation districts. Section 7445 is amended in some of its details, and by the addition of new matter as follows:

"Notwithstanding anything in this act contained, the board of directors shall have authority, until March 1, 1935, to grant options to purchase or sell on deferred payment contracts or for cash; land acquired by deed on district assessment foreclosure, in such manner, at such price and upon such terms as they shall deem to be for the best interests of the district: *Provided,* That until March 1, 1935, redemption made within one year after deed as herein authorized shall be subject to any lease, option or contract sale previously made and the redemptioner shall be thereby subrogated to the district rights and shall be entitled to credit for any cash received by the district on account of any lease, option or sale, as the case may be, to the extent but not in excess of the amount required to effect redemption, from which, however, shall be deducted any advances made by the district in connection with the property redeemed: *Provided, further,* That, until said March 1, 1935, within ten days after the date of the issuance of treasurer's deed, the owner or person entitled, prior to the issuance of said deed, to make redemption, shall have the exclusive right to make written application to the board of directors of the district to purchase the property described in said treasurer's deed. A copy of said application shall be filed by the purchaser for record in the office of the county auditor of the county in which the property is situated and the same shall be entitled to record without acknowledgment. The board shall immediately determine the price, terms and conditions upon which the purchase may be made by said applicant who shall receive the same in writing within twenty-five days from the date of making said application. The board shall have full authority to enter into any contract of sale with said applicant on terms or for cash, at a price to be fixed by

the board which shall be not less than the total amount of assessments previously levied and unpaid, together with the amount of any assessments for which said lands would have been assessed if not owned by the district, without interest, unless said amount is in excess of the fair market value, in which case said price may be at such fair market value, and execute any and all documents, contracts and deeds necessary for that purpose. Any contract of sale or deed of conveyance executed hereunder shall be filed for record in the said county auditor's office within sixty days after the date of the issuance of said treasurer's deed to the district, and in the event any such contract of sale or deed of conveyance is not filed for record as and within the time aforesaid, it shall be conclusively presumed as to other parties that no sale to said applicant has been made, and upon contract of sale or deed of conveyance thereafter executed by the district and delivered to any other party, said property shall be free and clear of any right or claim of said applicant to purchase said property under the provisions of this act: *Provided, further,* That the provisions herein relating to application to purchase shall apply to all deeds made to an irrigation district prior to the date when this act becomes effective, and the owner or other person entitled to make application to purchase hereunder shall be entitled to the benefit of this provision until thirty days following the date when this act becomes effective." Rem. 1933 Sup., § 7445.

Acting under authority of this amendment, the board of directors of Grandview irrigation district passed a resolution accepting two offers for the purchase of two tracts of land taken over by the district upon foreclosure, and directing the execution and delivery of deeds by the president and secretary of the board. In both cases, the offers were equal to the amount of the assessments foreclosed upon and all other assessments chargeable to the properties.

The plaintiffs below, Washington National Company, the holder of outstanding bonds of the district, and

H. E. Brown and wife, owners of property in the district, instituted an action in the superior court of Yakima county to enjoin the district and the president and secretary of its board of directors from executing and delivering deeds, as directed by resolution of the board, and from selling the lands for the prices authorized, or for any other sums less than their reasonable market value. The complaint alleged that the reasonable market value of properties authorized to be sold for $765 was $3,800.

The defendants in their answer admitted the allegations of the complaint, and pleaded affirmatively the general economic depression, its effect upon farming interests generally and the occupants of irrigated lands in particular; the difficulties of the irrigation districts in meeting their financial obligations and carrying on their necessary operations; the imperative need of keeping settlers upon their lands; the impossibility of selling lands foreclosed by the district for anything approaching their value; and the passage by the legislature of that part of chapter 43 here involved as a relief measure, allowing districts a wide discretion in the disposal of their lands taken under foreclosure.

Upon the filing of the answer, both plaintiffs and defendants moved for judgment upon the pleadings. The motion of the defendants was granted and the action dismissed. The plaintiffs appeal.

The law here involved bears upon its face the evidence of a legislative policy highly remedial in its purpose, and suggests, with respect to the case at bar, two questions: First, did the legislature intend to vest in the board of directors the discretion attempted to be exercised by them; and second, if such discretion is vested, is the act constitutional?

As to the first question, we are clear that the answer must be in the affirmative. The amendment

confers upon the board of directors in unequivocal language power to dispose of lands acquired by deed on foreclosure "in such manner, at such price, and upon such terms as they shall deem to be for the best interests of the district." But, not content to let the amendment speak for itself, chapter 43 amends a preceding portion of § 7445, which requires land taken by the district on foreclosure to be sold for its reasonable cash value, by adding the qualifying words, "except as hereinafter authorized." And again, § 7428-4, requiring the sale of any district property to be made upon notice and to the highest bidder, was amended by the addition of this sentence:

"The provisions of this section shall not apply to the sale of lands acquired by an irrigation district through its purchase of said lands for non-payment of its irrigation assessments." Rem. 1933 Sup., § 7428-4.

Thus we see the legislature not only substantively conferred the power, but was careful to amend other provisions of the statute which might give rise to doubt as to its purpose.

▮ Upon the question of legislative power, appellants cite no limiting constitutional provision except article 1, § 12, which reads:

"No law shall be passed granting to any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

Irrigation districts, being municipal corporations, are not within the terms of this section. Neither is there any discrimination in favor of any citizen or class of citizens with respect to the right to purchase lands from the district. The only suggestion in the law as a whole of any favor to a particular class is the right given to the owners of foreclosed lands to re-

purchase upon certain specified conditions. This, in effect, is but an extension of the right of redemption. *Petitt v. Riverside Irrigation District,* 140 Wash. 6, 247 Pac. 1030.

We are unable to see any injury to appellants through the sales here challenged. The district is receiving the full amount of outstanding assessments against the lands involved. The bondholder's security is not lessened, because the lands still remain subject to assessment to pay the outstanding debts of the district.

What we say applies as well to appellant landowners. Upon foreclosure, the property was offered for sale and could have been purchased by anyone willing to bid the amount of the assessments. Upon the failure of purchasers, the property passed to the district. The sale of the property now by the district for a sum equal to all outstanding obligations will leave the district in precisely the same position it would be in had a purchase been made by a third party at the foreclosure sale. After all, an irrigation district is not organized to speculate in land. *Petitt v. Riverside Irrigation District, supra.* Its purpose is to encourage the settlement and development of land in the district, and its expenses are to be met, normally, by assessments levied generally upon property in the districts.

The judgment is affirmed.

ALL CONCUR.