[No. 24864. *En Banc.* January 22, 1934.]

Outlook Irrigation District, *Respondent*, v. Hans Fels *et al., Defendants,* Sue M. Stewart *et al., Appellants.*[1]

[1]Reported in 28 P. (2d) 996.

212

*E. N. Funk*, for appellants.
*Stephen E. Chaffee*, for respondent.
*Moulton & Powell*, amicus curiae.

BLAKE, J.—This appeal brings in question the constitutionality of chapter 194, Laws of 1933, p. 928 (Rem. 1933 Sup., § 4346-1 *et·seq.*). Before undertaking to state how the question is raised, it will be well to briefly summarize the act, section by section.

Section 1 (Rem. 1933 Sup., § 4346-1) authorizes an irrigation district which holds a county treasurer's irrigation assessment deed to bring an action to quiet title in cases where "for any reason a defect in title exists or adverse claims against the same have not been legally determined."

Section 2 (Rem. 1933 Sup., § 4346-2) defines the action as one *in rem* as against all claims of right whatsoever, except as to persons "in the actual, open and notorious possession" of the property. It then provides that possession "shall be construed to be that

by personal occupancy only." It is further provided in this section that the district may include in one action all tracts of land in one county.

Section 3 (Rem. 1933 Sup., § 4346-3) provides for commencing the action by filing a "summons and notice" in the office of the county clerk, and prescribes what the summons and notice shall contain. It also provides that service thereof "shall be had by publication" upon "every person or corporation, except one who is in actual, open and notorious possession" of the property. The time for appearance upon summons by publication is fixed at sixty days from the date of the first publication. In cases where the property is "in the actual, open and notorious possession" of any person or corporation, it is provided that the summons and notice shall be personally served and shall require such person or corporation to appear within twenty days from the date of service. This is the only instance in which *personal service* is required by the act.

Section 4 provides that anyone who may have been entitled to redeem the property, prior to the issuance of the treasurer's deed,

". . . shall have the right, at any time after the commencement of, and prior to the judgment in the action authorized herein, and not thereafter, to redeem such property. . . ." (Rem. 1933 Sup., § 4346-4.)

Section 5 provides that, at any time after the return day named in the summons and notice,

"The court shall hear and determine the matter in a summary manner and shall enter judgment according to the rights of the parties and persons concerned in the action."

and that

"No order of sale shall be made nor shall any sale on execution be necessary to determine the title of the

irrigation district to the real property involved in such action." (Rem. 1933 Sup., § 4346-5.)

Section 6 (Rem. 1933 Sup., § 4346-6) provides that the amount of the irrigation assessment, as stated in the summons and notice, shall be *prima facie* correct.

Section 7 (Rem. 1933 Sup., § 4346-7) provides the prerequisites for appearance by any person claiming rights in the property.

Section 8 (Rem. 1933 Sup., § 4346-8) provides for appeal to the supreme court.

Section 9 (Rem. 1933 Sup., § 4346-9) provides that the judgment entered in such action shall be conclusive against all persons upon whom service of summons and notice shall have been had in accordance with the provisions of the act.

Pursuant to the authority conferred by this act, plaintiff brought this action to quiet title to a number of tracts of land for which it held the county treasurer's irrigation assessment deeds. Summons and notice was served in the manner provided by the act. The defendants having failed to appear, and the time for appearance having expired, the court entered judgment, in conformity with § 5 of the act, quieting title to the property in the plaintiff.

Thereafter, Stewart and Thompson filed a petition in which they alleged that Stewart was the owner of, and Thompson held a mortgage on, one of the tracts of land upon which the judgment operated. They further alleged that they had not been served with summons and notice, although, at the time of the commencement of the action and for a long time before, they were residents of Yakima county. They also alleged that the fact of their residence in Yakima county was known, or could have been readily ascertained, by officers of the irrigation district, its counsel and

servers of process. They prayed that the judgment be vacated and set aside. Resleff, the holder of a mortgage on another tract of land, filed a similar petition.

The plaintiff interposed demurrers to these petitions. The court sustained the demurrers, and entered an order dismissing the petitions. From the order so entered, Stewart, Thompson and Resleff appeal.

It is not questioned that respondent complied with all the procedural requirements of chapter 194, Laws of 1933, p. 928, in obtaining judgment. The sole question is whether the act itself contravenes the "due process" clauses of the Federal and state constitutions, in that it dispenses with personal service of summons and notice on owners and encumbrancers of the property. We say this is the *sole* question. It would be more accurate to say it is the *principal* one, because there are two minor questions raised, to which we shall advert later.

As we read the authorities, "due process of law," in relation to the levy and collection of taxes upon property and the enforcement of tax liens, is that method of procedure provided by the legislature therefor. Cooley on Taxation (2d ed.) p. 527. Speaking of summary process provided by legislative enactment for the enforcement of the collection of taxes, the supreme court of Nebraska, in the case of *Trainer v. Maverick Loan & Trust Co.*, 80 Neb. 626, 114 N. W. 932, said:

"While one is to be protected in his interests by the 'law of the land,' and to have the judgment of his peers in those cases in which it has immemorially existed, or in which it has been expressly given by law, there is no decision to be found that it is necessary for judicial action in every case for which the property of the citizen may be taken for the public use. On the contrary, a legislative act for that purpose, when clearly within

the limits of legislative authority, is of itself of the law of the land."

An act levying taxes and providing means for enforcing collection is undoubtedly within the power of the legislature. *Spencer v. Merchant,* 125 U. S. 345, 8 Sup. Ct. 921. The only limitation appears to be that, *at some stage of the proceedings,* the owner shall have an opportunity to be heard. *Spencer v. Merchant, supra; Davidson v. New Orleans,* 96 U. S. 97; *Longyear v. Toolan,* 209 U. S. 414, 28 Sup. Ct. 506; *Gautier v. Ditmar,* 204 N. Y. 20, 97 N. E. 464, Ann. Cas. 1913 C, 960; *Ballard v. Hunter,* 204 U. S. 241, 27 Sup. Ct. 261; *French v. Taylor,* 199 U. S. 274, 26 Sup. Ct. 76; *Leigh v. Green,* 193 U. S. 79, 24 Sup. Ct. 390. In the case last cited, the court said:

"Where the State seeks directly or by authorization to others to sell land for taxes upon proceedings to enforce a lien for the payment thereof, it may procede directly against the land within the jurisdiction of the court, and a notice which permits all interested, who are 'so minded,' to ascertain that it is to be subjected to sale to answer for taxes, and to appear and be heard, whether to be found within the jurisdiction or not, is due process of law within the Fourteenth Amendment to the Constitution."

(In passing, it is to be noted that the case from which we have just quoted is specifically applicable to the situation of Thompson and Resleff in the case at bar.)

It will be remembered that the act under consideration accords to all persons claiming an interest in the property the right not only to be heard, but the right to redeem before judgment. See §§ 3, 4 and 7.

Our own decisions are in harmony with the principles stated in the above cited cases. *Washington Timber & Loan Co. v. Smith,* 34 Wash. 625, 76 Pac. 267;

*Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385. In the latter case, the court quoted extensively from *Leigh v. Green, supra,* and, speaking through Judge Hadley, said:

"The whole procedure, including the assessment, foreclosure, and sale, is for the purpose of establishing and enforcing a lien for public revenue, which, under the policy of the state, is chargeable to the property only, and not personally to the owner. It is the land itself with which the state is concerned, and its dominion over the land for revenue purposes exists without regard to who may be the owner. All owners know that such is the fact, and that the power of taxation will be exercised each year."

In the former case, p. 638, it was said:

"The difficulties attending the collection of public revenue are many at best, and the relation of the citizen to the subject is somewhat different from his relation to the ordinary contractual obligations. He must take notice that by law his property is assessed each year, that the tax is due and delinquent at a fixed time, is a lien upon his land, and, if not paid, that the lien shall be enforced by foreclosure proceedings, and in the manner provided by statute. The action is not *in personam* but *in rem,* and we see no reason for making the distinction recognized by the above Illinois case [*Belleville Nail Co. v. People ex rel.,* 98 Ill. 399], apparently based upon the ground that the service was by publication only."

But appellants say that these cases are not authority for the procedure provided by chapter 194, Laws of 1933, p. 928, because, in those cases, the foreclosure proceedings were conducted by the county to enforce tax liens for public revenues. They contend that a different rule applies where the tax lien is sought to be enforced by a private person or by any corporation other than municipal. They assert that, under our decisions, an irrigation district is not a mu-

nicipal corporation, and, so far as the enforcement of tax liens is concerned, an irrigation district stands on the same ground as a private individual.

It is true this court has held that irrigation districts are not municipal corporations under § 2, of article VII, of the constitution, exempting "the property . . . of school districts *and other municipal corporations*" from taxation. *Columbia Irrigation District v. Benton County,* 149 Wash. 234, 270 Pac. 813. Also, in the case of *Doty v. Saddler,* 151 Wash. 542, 276 Pac. 891, this court held that an irrigation district was not a municipal corporation under Rem. Rev. Stat., § 680-1, providing that "counties, cities, towns, school districts *and other municipal corporations* shall be subject to garnishment" only after judgment. In the former case, the court said:

"It would have been more accurate to have said that irrigation districts are agencies of the state created by the legislature for certain definite purposes and that they might be considered quasi-municipal corporations."

Notwithstanding irrigation districts are not endowed with all the powers of municipal corporations, that they possess attributes pertaining to such bodies has been recognized by a number of decisions of this court. *Peters v. Union Gap Irr. District,* 98 Wash. 412, 167 Pac. 1085; *State ex rel. Clancy v. Columbia Irr. Dist.* 121 Wash. 79, 208 Pac. 27; *Brown Bros. v. Columbia Irr. Dist.,* 82 Wash. 274, 144 Pac. 74; *Burbank Irr. Dist. v. Douglass,* 143 Wash. 385, 255 Pac. 360.

By Rem. Rev. Stat., § 7436, irrigation districts have been endowed with the power of levying assessments. That such assessments are based on the sovereign power of taxation, is not open to question. *Davidson v. New Orleans,* 96 U. S. 97; *Seattle v. Hill,* 14 Wash.

487, 45 Pac. 17, 35 L. R. A. 372; *State ex rel. Spokane v. DeGraff,* 143 Wash. 326, 255 Pac. 371. The levy and collection of the assessments provided for is strictly a proceeding *in rem.* No personal liability attaches to the owner of the property because of them. To the extent, therefore, that an irrigation district is endowed with and exercises this sovereign power of taxation, it is an agency of the state, exercising governmental powers. *Crow Creek Irr. Dist. v. Crittenden,* 71 Mont. 66, 227 Pac. 63.

We think, therefore, that, under the rule of the cases of *Washington Timber & Loan Co. v. Smith, supra,* and *Williams v. Pittock, supra,* the service of summons and notice in the manner provided for in chapter 194, Laws of 1933, p. 928, constitutes due process of law.

What we have said with respect to the status of the irrigation district as a governmental agency disposes of one of the minor contentions of appellants, namely, that chapter 194, Laws of 1933, p. 928, contravenes § 12, article I, of the state constitution, which provides:

"No law shall be passed granting to any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

The act does not contravene this section, because the irrigation district, in proceeding under it, acts in a governmental capacity, and not as an individual. *State ex rel. Spokane v. DeGraff,* 143 Wash. 326, 255 Pac. 371; *Washington Natl. Investment Co. v. Grandview Irrigation District,* 175 Wash. 644, 28 P. (2d) 114.

The other contention of the appellants is that, by judgment in this case, they are deprived of redemption rights accorded by § 8, of chapter 43, Laws of 1933,

p. 257 (Rem. 1933 Sup., § 7445). Under this section, where property is deeded to an irrigation district by the county treasurer, the owner has the right to redeem, under certain conditions, during the period of one year after the issuance of the deed—if the title remains in the district that long. Under § 4 (Rem. 1933 Sup., § 4346-4) of the quiet title act (chap. 194), the right of redemption is accorded under the same conditions, but only until judgment is entered in the action to quiet title. In other words, the right of redemption accorded in chapter 43 is shortened by the provisions of chapter 194.

The provisions of the two acts in this respect are obviously in conflict. In such cases, we have held that, where conflicting laws are passed by the same legislature, the provisions of the law passed last work a repeal by implication of the law passed first. *Commissioners of King County v. Davies,* 1 Wash. 290, 24 Pac. 540; *Whitfield v. Davies,* 78 Wash. 256, 138 Pac. 883. Chapter 194 was passed March 6, 1933, and approved by the governor March 21, 1933. Chapter 43 was passed February 17, 1933, and approved by the governor February 27, 1933. Under the rule, therefore, in so far as the provisions of § 4, chapter 194 (Rem. 1933 Sup., § 4346-4), conflict with the provisions of § 8, chapter 43 (Id., § 7445), the provisions of § 8, chapter 43, are repealed by implication.

Judgment affirmed.

BEALS, C. J., MAIN, MITCHELL, GERAGHTY, TOLMAN, STEINERT, and MILLARD, JJ., concur.

HOLCOMB, J., dissents.