[No. 11141.   Department One.   August 1, 1913.]

FRANK BUTY, *Appellant*, v. JULIA GOLDFINCH, *Respondent*.[1]

LIMITATION OF ACTIONS—AS BAR TO DEFENSE—TAX TITLE. Rem. & Bal. Code, § 162, providing that an action to set aside a tax deed or recover land sold for taxes must be brought within three years from the date of the tax deed, cannot be invoked against a defendant in possession to preclude a defense that the tax deed was void, when sued in ejectment by the tax title holder after the expiration of the three years limited.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 30, 1912, upon findings in favor of the defendant, in an action of ejectment, after a trial to the court. Affirmed.

*William C. Keith*, for appellant.

*A. G. McBride* and *H. S. Tremper*, for respondent.

PARKER, J.—The plaintiff commenced this action in the superior court, seeking recovery of real property, claiming title thereto under a tax deed executed by the treasurer of King county, in pursuance of a tax foreclosure judgment rendered in the superior court of that county. The defendant being in possession of the property, and claiming to have been in possession ever since prior to the tax foreclosure, defended upon the ground, among others, that the tax foreclosure judgment and deed were void for want of jurisdic-

[1]Reported in 133 Pac. 1057.

tion, because there was no service of any process whatever in the foreclosure action, either personal or constructive, upon either of the defendants therein named; this defendant and her then husband being named as the defendants therein, they being the record owners as well as the actual owners of the property, and it being their community property. This defense was met by the plaintiff by denial of the alleged want of service in the tax foreclosure action, and by invoking the three-year statute of limitation against actions to set aside and cancel tax deeds. A trial before the court resulted in findings and judgment in favor of the defendant, and in quieting her title as against the claims of the plaintiff, reserving a lien upon the property in his favor for a small sum on account of taxes paid by him thereon. From this disposition of the cause, the plaintiff has appealed to this court.

On May 1, 1903, and for several years prior thereto, respondent was the wife of T. B. Daly. On that day they were divorced. While they were husband and wife, they acquired title to the property herein involved, as their community property, taking title thereto in the name of the husband, T. B. Daly. The property was then wild, unimproved and unoccupied. Soon thereafter and prior to their divorce, they commenced to clear and improve the property, doing sufficient work thereon to render plainly visible their actual physical possession thereof. The trial court found, in substance, that respondent's possession of the property thus commenced was thereafter open, notorious and continuous until the trial of this action in October, 1912.

In November, 1903, Rosa D'Elia, claiming to be the owner of a delinquent tax certificate against the property, commenced an action in the superior court of King county to foreclose the same, by filing therein her application in usual form. Thereafter judgment of foreclosure was rendered in that action in her favor. Thereafter sale of the property was made by the treasurer of King county in pursuance of

that judgment, when he executed a tax deed to Rosa D'Elia on January 23, 1904, she being the purchaser at that sale. Thereafter appellant acquired, by mesne conveyances, whatever right, title, or interest in the property Rosa D'Elia had acquired by the tax foreclosure and sale; and on February 23, 1912, commenced this action against respondent to recover possession of the property. The commencement of this action, it will be noticed, was over eight years after the execution of the tax deed upon which appellant rests his claim to the property.

In March, 1906, T. B. Daly conveyed all his interest in the property to respondent, his former wife, the decree of divorce not having divested either of them of their interest therein. In November, 1911, respondent was married to Geo. E. Goldfinch, and they are now husband and wife. While he was made a defendant in this action and is, with his wife, in possession of the property, he disclaims all interest therein. We, therefore, refer to her alone as the defendant and respondent.

The trial court found, in substance, that no service of summons or process, either personally or by publication, was made in the tax foreclosure action upon T. B. Daly, the then record owner, or upon respondent, his former wife and joint owner, or upon any person whomsoever. The trial court not only found that the respondent was in the open and notorious possession of the property at all times since the commencement of the tax foreclosure action, but also that she had made valuable and lasting improvements thereon, at a cost to her of not less than $900, and that she has paid all general taxes charged against the property for the years 1903 to 1911, inclusive, except the year 1906, for which year she tendered payment to the county treasurer, which tender was refused by the treasurer because some other person had previously paid the taxes for that year. Neither appellant, nor any of his predecessors in interest, including Rosa D'Elia, were ever in possession of the property, nor did

they ever seek to obtain possession thereof until the commencement of this action in November, 1912.

Some contention is made by counsel for appellant that the evidence was not sufficient to support the findings of the trial court that there was no service of process in the tax foreclosure action and that respondent was in open and notorious possession of the property continuously since prior to the commencement of that action. We deem it sufficient to say that a careful review of the evidence convinces us that it was ample to call for the making of these findings.

The principal contention of counsel for appellant is that the tax deed has become conclusive against the claims of respondent, and that she has been thereby divested of all title to the property by virtue of the three-year statute of limitation against actions to set aside tax deeds. In view of the fact that the tax foreclosure judgment was rendered without jurisdiction, because of absolute failure of process in that action, it is plain that the tax deed does not result in divesting respondent of her title to the property unless the statute of limitation here invoked can be held to have rendered unavailable to respondent her defense rested upon want of jurisdiction of the court to render the tax foreclosure judgment. The statute invoked, being Rem. & Bal. Code, § 162 (P. C. 81 § 65), reads:

"Actions to set aside or cancel the deed of any county treasurer issued after and upon the sale of lands for general, state, county or municipal taxes, or for the recovery of lands sold for delinquent taxes, must be brought within three years from and after the date of the issuance of such treasurer's deed."

This statute has been the subject of consideration by this court, and given full force and effect, in the following cases, which are relied upon by counsel for appellant: *Cordiner v. Dear*, 55 Wash. 479, 104 Pac. 780; *Anderson v. Spokane, Portland & Seattle R. Co.*, 57 Wash. 439, 107 Pac. 183; *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850; *Baylis v. Ker-*

*rick*, 64 Wash. 410, 116 Pac. 1082; *Fleming v. Stearns*, 66
Wash. 655, 120 Pac. 522. In each of these cases, the original
owner of the land was the plaintiff seeking, in effect, to set
aside a tax deed and recover the land held or claimed by the
plaintiff under the tax deed. In each it was held that the
cause of action there sought to be enforced was barred by
this statute; but in none of them was it held, or even sug-
gested, that this statute would bar the original owner, in pos-
session at all times following the tax foreclosure, from defend-
ing his possession and title upon the ground of such fore-
closure being void, when claim to the property is asserted by
another under such foreclosure. In none of those cases was
the effect of this statute upon the defense which the original
owner in possession might make involved. Our attention has
not been called to any decision of this court, and we think
there has been none, where any such question has been con-
sidered. We have held that a void tax deed may constitute
such color of title as to become a basis for the running of
the statute of limitations (*Lara v. Sandell*, 52 Wash. 53, 100
Pac. 166); but not that such color of title, unaccompanied by
possession, will, by mere lapse of time, divest the original
owner of title to property he is in the actual possession and
enjoyment of. This respondent did not commence this ac-
tion "to set aside or cancel the tax deed," nor "for the re-
covery of" the property in question. She was already in pos-
session of the property, and in the full enjoyment of all the
rights in that regard which ownership and possession could
possibly give her. Being in this situation, she had no oc-
casion to do anything or take any steps looking to the pro-
tection of those rights until some one sought to invade them.
All that she here seeks to invoke in the protection of her
rights is by way of pure defense. If the language of this
statute should be given the construction claimed for it by
counsel for appellant, we are unable to see how it could be
held to be a valid exercise of legislative power in the light
of the due process of law provisions of the Federal and state

constitutions. Judge Cooley in his work on Constitutional Limitations (7th ed.), at page 522, after noticing the legislative power to pass statutes of limitation, observes:

"All limitation laws, however, must proceed on the theory that the party, by lapse of time and omission on his part, has forfeited his right to assert his title in the law. Where they relate to property, it seems not to be essential that the adverse claimant should be in actual possession; but one who is himself in the legal enjoyment of his property cannot have his rights therein forfeited to another, for failure to bring suit against that other within a time specified to test the validity of a claim which the latter asserts, but takes no steps to enforce. It has consequently been held that a statute which, after a lapse of five years, makes a recorded deed purporting to be executed under a statutory power conclusive evidence of a good title, could not be valid as a limitation law against the original owner in possession of the land. Limitation laws cannot compel a resort to legal proceedings by one who is already in the complete enjoyment of all he claims."

In *Groesbeck v. Seeley*, 13 Mich. 329, 342, Justice Campbell, speaking for the court touching statutes of limitation and legislative power to make them effective against persons already in possession, said:

"These laws do not purport to take away existing rights, although their operation may often have substantially that result. But they are designed to compel parties whose rights are unjustly withheld from them to vindicate their claims within some reasonable time. If a person who has been ousted of his possession or dominion desires to regain it, he knows that he must resort to those means which are furnished by the law, either by the peaceable act of a party himself, or by legal prosecution. A limitation law simply requires him to proceed and enforce these rights within some reasonable time, on pain of being deemed to have abandoned them. Such laws can only operate on those who are not already in the enjoyment and dominion of their rights. A person who has a lawful right, and is actually or constructively in possession, can never be required to take active steps against opposing claims. The law does not compel any man who is unassailed to pay any attention to unlawful pretenses which are not as-

serted by possession or suit. When such title is set up, he has a right to defend himself, by jury, if the claim is one of common law cognizance, or otherwise, if of a different nature. But to hold that, under any circumstances, a man can be deprived of a legal title without a hearing, is impossible, without destroying the entire foundations of constitutional protection to property. No one can be cut off by limitation until he has failed to prosecute the remedy limited; and no one can be compelled to prosecute, when he is already in possession of all that he demands."

In *Baker v. Kelley*, 11 Minn. 480, 495, Chief Justice Wilson, speaking for the court upon the same subject, said:

"It is not necessary for a party in the enjoyment of his rights to institute any proceedings against an adverse claimant, and to require him to do so would be, in many cases, imposing a grievous and expensive burden. A law requiring a party to take such action is not, nor has it any analogy to, a statute of limitation. Statutes of limitation only operate as an extinguishment of a remedy, and, of course, can have no application to a party who neither seeks nor needs a remedy."

In *Dingey v. Paxton*, 60 Miss. 1038, 1054, the court, speaking through Justice Cooper on the same subject, said:

"Before the entry of the defendant upon the lands, the plaintiffs, by their tenant, were in actual occupancy of all the land which was susceptible of cultivation, and were in the constructive possession of the whole tract. The sale of the lands for the unpaid taxes of 1874 was insufficient, under well settled principles, to divest their title. By a proceeding *in invitum* the state had attempted to acquire title under its laws as then existing and had failed. By a subsequent law it provides that notwithstanding such failure, the shadow of title thus acquired shall become the actual title unless attacked within a certain time. It is the expiration of time without regard to possession which is to transfer title from the owner and vest it in the state, or its vendee or donee. The power of the legislature to prescribe within what reasonable time one having a mere right of action shall proceed is unquestionable; but there is a wide distinction between that legislation which requires one having a mere right to sue, to

pursue the right speedily, and that which creates the necessity for suit by converting an estate in possession into a mere right of action, and then limits the time in which the suit may be brought. The mere designation of such an act as an act of limitation does not make it such, for it is in its nature more than that. Its operation is first to divest from the owner the constructive possession of his property and to invest it in another, and in favor of the possession thus transferred to put in operation a statute of limitations for its ultimate and complete protection. A complete title to land, according to Blackstone, consists of *juris et sesinae conjunctio;* the possession, the right of possession and the right of property. One who is in the actual or constructive possession of his lands, and who has the right of possession and of property, needs no action to enforce his rights. He is already in the enjoyment of all that the law can give him and cannot be disturbed in such enjoyment except by 'due course of law.' ' ''

It is of interest to note that, in these Minnesota and Mississippi cases, the actions were brought by the original owners who had evidently been in possession up to near the time of the bringing of their actions to recover against the holders of the tax deeds, who had acquired possession in some manner evidently against the will of the original owners. These holdings were, in effect, that the statute did not operate in favor of the holder of the tax deed while the original owner was in actual possession of the land. The Mississippi case apparently goes to the extent of holding that a void tax deed will not draw to its holder the constructive possession of the land, even if the land is unoccupied. The supreme court of Iowa in *Lewis v. Soule,* 52 Iowa 11, 2 N. W. 400; *Monk v. Corbin,* 58 Iowa 503, 12 N. W. 571, and cases there cited, holds that the statute of that state providing: "No action for the recovery of real property sold for the nonpayment of taxes shall lie unless the same be brought within five years after the treasurer's deed is executed and recorded," gives a void tax deed the effect of drawing the constructive possession of unoccupied lands to the holder of such deed, but leaves the inference, which is almost conclusively to be drawn

from the language of its decisions, that such constructive possession will not be drawn by the tax deed to its holder while the original owner is in actual possession of the land. The logic of all these decisions is that the statute will not run in favor of the holder of a tax deed while the land in question is in the actual possession of the original owner. This, of course, is in harmony with the view that he who is in possession and full enjoyment of his property is not required to protect his right to the property by instituting legal proceedings against another who merely claims such property but takes no steps to recover it.

Turning now to decisions involving the right of a person in possession of property, who is assailed by a suit in which the plaintiff rests his right upon an instrument other than a tax deed, we find the holdings of the courts equally conclusive in respondent's favor. In *Pinkham v. Pinkham*, 60 Neb. 600, 83 N. W. 837, where the defendant sought to defend his possession under a deed needing reformation, and by his answer sought to have it reformed, and the statute of limitations was invoked against such defense, Justice Holcomb, speaking for the court, said:

"It is urged that the statute of limitations operates as a barrier to prevent the appellee from reforming the instrument under which he claims by correction of the alleged error. There are, we think, two substantial reasons why this plea cannot be made available: first, the appellee is in possession of the land under claim of title to the property; his right and title is assailed by appellants. He may, in such a case, rightfully present any defense, legal or equitable, to sustain his title to the property, irrespective of the running of the statute. When his right of possession is attacked, a cause of action accrues, by which he may plead and prove any equitable defense of which he may be possessed. As long as his title is undisputed, and he is in the peaceable possession of the property thereunder, the statute of limitations would not run, so as to prevent him when sued from setting up any equity he has in defense of his possession."

Responding to a petition for rehearing in this case, in 61 Neb. 336, 85 N. W. 285, Justice Sullivan, speaking for the court, used this vigorous expression:

"The right to commence and prosecute an action may be lost by delay, but the right to defend against a suit for the possession of property is never outlawed. The limitation law may, in a possessory action, deprive a suitor of his sword, but of his shield never."

In *Robinson v. Glass*, 94 Ind. 211, 216, Judge Elliott, speaking to the question of a defense invoked against a mortgage alleging fraud in its execution, said:

"In the argument on the assignment of cross errors, it is contended that, as the mortgage was executed more than six years before the suit was instituted and the defense of fraud interposed, the rights of the appellants are barred by the statute of limitations. This position is untenable. Actions are barred but defences are not. A person who is sued upon a contract may show that it was procured by fraud, although more than six years elapsed before the action on the contract was instituted and the defence interposed. We speak now of pure defences, and not as to matters which may be relied upon as forming a foundation for a counter-claim or cross complaint."

In *Mott v. Fiske*, 155 Ind. 597, 58 N. E. 1053, involving a defense made against a deed upon which the plaintiff rested his claim, the defendant asserting it to have been executed as a mortgage, Judge Monks, speaking for the court, said:

"Appellant nor any one under whom she claims title has ever occupied said land, nor is it shown that they ever attempted to enforce any rights thereto under the deed from Work before the commencement of this action. Under such circumstances whenever any attempt is made to enforce any rights under said deed, mere lapse of time will not bar the right to assert and show the same is a mortgage."

In *Muse, Syndic v. Yarborough*, 11 La. 521, 532, the court applied the maxim, "*quae temporalia sunt ad agendum perpetua sunt ad excipiendum*," as applicable to the defense made by the defendant in possession. The translation of this

maxim is given in 32 Cyc. 1279, as follows: "Things which afford a ground of action, if raised within a certain time, may be pleaded at any time, by way of exception." The applicability of this principle under our law will be more readily understood by noting the fact that in Louisiana the word "exception" is a comprehensive term referring to defenses. Garland, Revised Code of Practice, Louisiana (3d ed. 1910), § 330; *Gayoso De Lemos v. Garcia,* 1 Martin (La. N. S.) 324. The substance of the doctrine which we have been discussing is well summed up in the text of 25 Cyc. 1063, as follows: "Pure defenses are held not to be barred by the statute of limitations." Numerous authorities are there cited supporting and illustrating the applicability of this general rule.

Much of what we have said may seem more appropriate to the question of the constitutionality of statutes which assume to take away defenses which may be made by those in possession and enjoyment of their rights when assailed by others. But we think the authorities reviewed are equally applicable as showing that our legislature did not intend that the statute should ever be invoked to deprive one, in the possession and enjoyment of all he claims, from making any lawful defense he may have in the protection of such possession and enjoyment regardless of the question of time which may have elapsed following the initiation of the right under which his assailant claims. We do not hold that the statute is unconstitutional, but only that it has no application to the defense which this respondent here invokes, she being in possession and enjoyment of the property at all times since prior to the commencement of the void foreclosure proceeding.

The judgment is affirmed.

GOSE, MOUNT, and FULLERTON, JJ., concur.