[No. 33999. Department One. June 20, 1957.]

GEORGE KUPKA, *Appellant, v.* PAUL E. REID *et al., Respondents.*[1]

[1]Reported in 312 P. (2d) 1056.

*Willis C. Oldfield* and *Arthur R. Paulsen,* for appellant.

*Marion Garland, Jr., William R. Garland,* and *John A. Bishop,* for respondents.

SCHWELLENBACH, J.—This is an action to quiet title to four pieces of realty. In effect, it is an action to set aside a tax deed issued by the treasurer of Kitsap county to the defendants. The action was commenced on November 23, 1955, more than three years after the issuance of the tax deed.

January 3, 1940, plaintiff purchased the southeast quarter of the southeast quarter of section eleven, township twenty-two north, range one west of the W.M. Shortly thereafter, he conveyed portions of this property, retaining the four parcels which are the subject of this action. He failed to pay the taxes on the parcels that he retained.

September 21, 1951, under a Kitsap county tax foreclosure action, a judgment of foreclosure was entered against numerous articles of real property, among which was included the following:

"SE ¼ SE ¼ *ex. trs. sold* 11-22-1W" (Italics ours.)

Substantially the same description appeared at all places during the foreclosure proceeding.

October 8, 1951, defendants purchased at the tax foreclosure sale: "SE ¼ SE ¼ ex. tracts sold, Section 11, Township 22, North, Range 1 West., W. M."

Plaintiff alleged that, because of the insufficient description, the court did not have jurisdiction of this property in the tax foreclosure proceeding, and that the judgment and tax deed are void. Defendants alleged that the description

of the property was sufficient, and that, in any event, the statute of limitations was a bar to the action.

The trial court concluded that the legal description "may not be a sufficient legal description to have upheld the deed had the tax sale been attacked before the statute of limitation had run"; that the action was barred by the statute of limitations, and entered judgment quieting title in the defendants. This appeal follows.

We are confronted with two problems: (1) Was the description sufficient to give the court jurisdiction of the four parcels of land in the tax foreclosure proceeding? If not, (2) is the statute of limitations a defense where the court lacked jurisdiction over the realty?

■ A tax foreclosure by a county is a proceeding *in rem*, and jurisdiction of the *res* must clearly appear. *Napier v. Runkel*, 9 Wn. (2d) 246, 114 P. (2d) 534, 137 A. L. R. 175. In order to divest the owner's title through a tax foreclosure, the property must be identified in the proceedings and described with reasonable certainty, so that a person of ordinary intelligence could, from an examination of the foreclosure proceeding, locate the property to be foreclosed. *Wingard v. Pierce County*, 23 Wn. (2d) 296, 160 P. (2d) 1009; *King County v. Lesh*, 24 Wn. (2d) 414, 165 P. (2d) 999; *Centralia v. Miller*, 31 Wn. (2d) 417, 197 P. (2d) 244. In *Ontario Land Co. v. Yordy*, 44 Wash. 239, 87 Pac. 257, we said:

"When real estate is listed and assessed for taxation, it is ordinarily necessary that the assessment roll shall contain a reasonably accurate description of the tract sought to be taxed. The object of this requirement is stated by writers on taxation and tax titles to be three-fold, (1) it is designed to inform the owner of the claim upon his property; (2) it is designed that intending purchasers may know what property will be offered for sale in the event of the taxes becoming delinquent; and (3) it is also the intention that under such description a proper deed may be executed to the purchaser. Cooley, Taxation (2d ed.), p. 405; Black, Tax Titles (2d ed.), § 112."

Concerning the sufficiency of the description, the trial court said, in its memorandum decision:

"It seems to me that the, 'SE ¼ of the SE¼ except tracts sold,' doesn't enable anybody by going to any records to definitely identify this property. Therefore, I think the description is not sufficient to give the court jurisdiction over the specific property."

In *Matthews v. Morrison*, 195 Wash. 288, 80 P. (2d) 856 (in which no question as to the statute of limitations was involved), a tax foreclosure proceeding was instituted against 'Tideland frtg Gov't Lot 7 ex 4 chs tf Sec. 3, Twp. 24, R. 1 E." The same description appeared in the certificate of delinquency, notice, summons, and decree foreclosing the tax lien, except that, in the decree, the section, township and range were omitted. In holding that the description was too indefinite to confer jurisdiction upon the court, we said:

"In principle, the case at bar is not distinguishable from *Miller & Sons v. Daniels*, 47 Wash. 411, 92 Pac. 268, in which we held that the description '25 A. in Sec. 14 Twp. 20 Range 3, Acres 25,' was insufficient to confer jurisdiction upon the court in the foreclosure proceeding, under the rule that a description which merely designates the land conveyed as a portion of a larger tract, without greater certainty as to the identity of the particular part conveyed, is fatally defective."

In the instant case, the description merely designated the land as a part of a larger tract, without greater certainty as to the identity of the particular part sought to be foreclosed. The description was not sufficient to give the court jurisdiction in the tax foreclosure proceeding, and the judgment and sale were void.

We now come to the second issue. Is the statute of limitations a defense where the court lacked jurisdiction over the realty in the tax foreclosure proceeding?

RCW 4.16.090 provides:

"Actions to set aside or cancel any deed heretofore or hereafter issued by any county treasurer after and upon the sale of lands for general, state, county or municipal taxes, or upon the sale of lands acquired by any county on foreclosure of general, state, county or municipal taxes, or for the recovery of any lands so sold, must be brought

within three years from and after the date of the issuance of such treasurer's deed."

One of the first cases to construe this statute was *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850, wherein the plaintiff sought to vacate a tax judgment and set aside a tax deed because of an alleged defective summons and affidavit in the foreclosure proceedings. The defendants pleaded the statute of limitations as a defense. We quoted the following from *Lara v. Sandell*, 52 Wash. 53, 100 Pac. 166:

" 'Whatever the rule may be in other jurisdictions, it is firmly established in this state that a void tax deed may constitute a sufficient basis for the running of the statute of limitations.' "

We then said:

"In these cases the court was considering the seven-year statute of limitations, but we do not conceive that a different principle should obtain in applying the provisions of the act of 1907, which is special to tax deeds and general in its terms. Its purpose was to foreclose investigation as to the validity of the proceedings leading up to the judgment unless challenged within the time limited by the act."

In *Baylis v. Kerrick*, 64 Wash. 410, 116 Pac. 1082, we said:

"Appellants argue that, if the respondents are permitted to prevail herein, a treasurer might issue a tax deed without the entry of any foreclosure decree; that it would be within his power to fraudulently deprive an innocent party of title to his real estate should the three-year statute run before the true owner learned of the existence of the tax deed, which the grantee named therein might withhold from the records. We have no such chain of circumstances before us. It is conceded the appellants failed to pay taxes on their land for many years prior to the commencement of this action, although they did pay taxes for 1909, before the respondents could do so. They knew the law, and must have been aware of the fact that nonpayment for such a length of time would cause a loss of their land by tax foreclosure and sale. By their present contentions they seek to avoid the effect of the statute of limitations by questioning the validity of the tax judgment. This they cannot now do. If the judgment was valid and the tax deed was regular, there would be no need of the statute, which was enacted

for the manifest purpose of securing prompt action by parties wishing to set aside or cancel tax deeds."

In *Fleming v. Stearns*, 66 Wash. 655, 120 Pac. 522, we said:

"But we are clearly of the opinion that, under § 162, *supra*, the action is barred, as held by the trial judge. This, in effect, is an action to set aside and cancel a tax deed. To avoid the operation of the statute, appellant goes back of the tax deed, and attacks the judgment on which it rests, claiming fraud, want of jurisdiction, and invalidity of the decree. This she cannot do. [Citing cases.]"

In *Sparks v. Standard Lbr. Co.*, 92 Wash. 584, 159 Pac. 812, we said:

"The legislature has for twenty-five years, by the clearest expressions, made a tax foreclosure a proceeding *in rem*, and a tax title a favored title as contradistinguished from the ordinary conception of a tax title—a title tainted with the suspicion of illegitimacy. In keeping with its purpose, it has even made a title issued under a void tax foreclosure a good title if not attacked within three years. [Citing cases.]

"To this purpose the courts have given liberal response. So that, with the passing of the old rule, it may fairly be said that a tax title is no longer *nullius filius*, but is equivalent to a decree quieting the title in the purchaser as a grant from the sovereign state. [Citing cases.]"

We have no difficulty with the logic of the application of the adverse possession statute (RCW 7.28.070) whereby a person in actual, open, and notorious possession of real property for seven successive years, who pays taxes thereon under color of title, cannot be ejected therefrom. Our difficulty arises in situations such as this, where the court did not originally obtain jurisdiction to divest the title of the owner in the tax foreclosure proceeding. It does not seem logical that something could arise out of nothing. However, we have held that a tax deed is favored—that it initiates a new title—and that the original owner cannot attack it after the expiration of three years, even though the deed was executed under a void judgment.

The above rule, however, applies only in those instances

where the holder of the tax deed is in possession of the realty. *Buty v. Goldfinch*, 74 Wash. 532, 133 Pac. 1057, was an action in ejectment by the tax title holder against the original owner, who remained in possession. The action was commenced more than three years after the issuance of the tax deed. The owner defended on the ground that the tax deed was void. We held that the three-year statute could not be invoked against the original owner in possession to preclude a defense that the tax deed was void. We said:

"We have held that a void tax deed may constitute such color of title as to become a basis for the running of the statute of limitations (*Lara v. Sandell*, 52 Wash. 53, 100 Pac. 166); but not that such color of title, unaccompanied by possession, will, by mere lapse of time, divest the original owner of title to property he is in the actual possession and enjoyment of. This respondent did not commence this action 'to set aside or cancel the tax deed,' nor 'for the recovery of' the property in question. She was already in possession of the property, and in the full enjoyment of all the rights in that regard which ownership and possession could possibly give her. Being in this situation, she had no occasion to do anything or take any steps looking to the protection of those rights until some one sought to invade them. All that she here seeks to invoke in the protection of her rights is by way of pure defense. If the language of this statute should be given the construction claimed for it by counsel for appellant, we are unable to see how it could be held to be a valid exercise of legislative power in the light of the due process of law provisions of the Federal and state constitutions."

We also quoted from *Pinkham v. Pinkham*, 61 Neb. 336, 85 N. W. 285:

"The right to commence and prosecute an action may be lost by delay, but the right to defend against a suit for the possession of property is never outlawed. The limitation law may, in a possessory action, deprive a suitor of his sword, but of his shield never."

Here the original owner remained in possession. In his complaint, he alleged that from the date of purchase in 1940 he "has been and now is in exclusive possession of said

real property." That allegation was not denied. Under the *Buty* case, he had no occasion to take any steps to protect his rights until respondents sought to invade them. It was unnecessary that he resort to law to gain back that which he had never lost. However, he did not do this. He commenced action himself. Would this preclude him, because of the statute, from asserting that the tax deed was void?

In *Murrison v. Fenstermacher*, 166 Kan. 568, 203 P. (2d) 160, 7 A. L. R. (2d) 1360, it was held that legislation which, directly or indirectly, without regard to his possession, divests of his land an owner holding a fee simple title of record by cutting down his ownership to a mere right of action which will be lost unless asserted by him in an action brought within a prescribed period of time, effects a deprivation of property without due process of law. In an annotation to the above case, it is stated in 7 A. L. R. (2d), at page 1367:

"This type of situation has arisen most often in cases involving the taxation of land where the statute has attempted to limit the time within which an owner may bring an action to try the title of land sold for nonpayment of taxes. In such a situation it would seem to be the general policy of the courts when construing statutes which on their face, without regard to possession, reduce title to real estate to a mere right of action to be asserted within a prescribed period of time, to read into such statutes the requirements of possession by the tax purchaser."

Although the authorities are not in entire accord, it would seem that the above is the better reasoned and more just rule. Under the *Buty* case, the appellant, remaining in possession, could, at any time, regardless of the statute, defend an action brought by the tax title holder, on the ground that the court never obtained jurisdiction to divest him of his title in the tax foreclosure proceeding. It was not the legislative intent to enact a law which would deprive him, and those similarly situated, of their property without due process of law. The legislature intended, in enacting RCW 4.16.090, that its provisions would apply only

in those instances where possession had been taken by the purchaser under the tax deed.

The judgment is reversed and the cause remanded with direction to enter judgment for appellant.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.

