[No. 4686–II.  Division Two.  November 4, 1981.]

TOM W. MORCOM, ET AL, *Respondents,* v. CATHERINE BRUNNER, ET AL, *Appellants.*

Anthony Schwab, John Panesko, Jr., Prosecuting Attorney, and M. Eugene Butler, Chief Civil Deputy, for appellants.

Brian Kelly, for respondents.

PETRIE, J.—Defendant Brunner (aka Palzer) appeals from a judgment setting aside a tax deed issued to her by Lewis County on July 1, 1974 and quieting title in the property to plaintiffs, Morcom. Morcom acquired title to the property through mesne conveyances from the pretax foreclosure record title owner, State Bank of Morton. The record title holder had neither been named nor notified of the tax foreclosure proceedings in the manner required by RCW 84.64.050. We affirm the judgment.

■ ■ Failure of the county treasurer to comply with the statutory provisions relating to the content and manner of service of notice in proceedings to collect delinquent taxes leaves the court without jurisdiction over tax foreclosure proceedings. Furthermore, any foreclosure sale and tax deed issued pursuant thereto is rendered void. *Pierce County v. Evans*, 17 Wn. App. 201, 563 P.2d 1263 (1977). *Accord, Rosholt v. Snohomish County*, 19 Wn. App. 300, 575 P.2d 726 (1978). Nevertheless, Brunner contends, citing RCW 4.16.090,[1] the Morcoms were not "original owners"

---

[1]RCW 4.16.090 provides:

"Actions to set aside or cancel any deed heretofore or hereafter issued by any county treasurer after and upon the sale of lands for general, state, county or

continuing in possession and did not commence this action to clear title until August 1978, more than 4 years after issuance and recording of the tax deed, and therefore can no longer assert a claim for superior title. The legislature, in enacting RCW 4.16.090, intended that its provisions would apply only in those instances where *possession* had been taken by the purchaser under the tax deed. *Kupka v. Reid,* 50 Wn.2d 465, 312 P.2d 1056 (1957). Brunner never has taken possession of the property. Accordingly, she cannot avail herself of the provisions of RCW 4.16.090 as a defense or bar to Morcom's quiet title action.

Brunner asserts that only the "original owner" who remains in possession can defeat the claim of the holder of a defective tax deed. She cites *Fitzgerald v. Neves, Inc.,* 15 Wn. App. 421, 550 P.2d 52 (1976) and *Buty v. Goldfinch,* 74 Wash. 532, 133 P. 1057 (1913). Neither case requires such a result. We see no reason to promulgate a rule imposing a burden on a person who is a successor of the original owner greater than the burden which is imposed on the "original owner." Each successor is in privity with his predecessor in title. So long as the possession is maintained to the exclusion of the holder of the void tax deed, the statute of limitations should not run against the party retaining or continuing the possession. Any other interpretation of the statute would be equally violative of a successor's due process rights as would an interpretation made applicable only to an "original owner." *See Kupka v. Reid, supra.*

We find, therefore, that *Kupka* is dispositive of defendant's appeal. However, Brunner directs our attention to language in a decision of this court, *Fitzgerald v. Neves, Inc., supra,* claiming it lends support to her contention. We turn only to this assertion to clarify any misconceptions which may exist because of that language.

---

municipal taxes, or upon the sale of lands acquired by any county on foreclosure of general, state, county or municipal taxes, or for the recovery of any lands so sold, must be brought within three years from and after the date of the issuance of such treasurer's deed."

*Fitzgerald* was a case which involved title to "wild and unimproved" land. Because neither the "original owner" nor the tax deed purchaser (nor anyone else) had ever taken possession, we found it necessary to explicate a more expansive rule than that announced by the Supreme Court in *Kupka.* We held:

> In an action to set aside a tax deed executed pursuant to either a void or a voidable judgment, before the purchaser under the tax deed may effectively assert the bar of RCW 4.16.090, he must have exhibited, for the full statutory period of 3 years, a degree of dominion and control over the land sufficient to directly confront and challenge the degree of dominion and control previously enjoyed and exercised by the original owner. When the original owner remains in actual physical possession of the land it cannot be said that possession has been "taken" by the purchaser under the tax deed.

*Fitzgerald v. Neves, Inc.,* 15 Wn. App. at 426. *Fitzgerald* did not modify the *Kupka* rule which applies to any case in which "possession" is a meaningful concept. In the case at bench there has been continuous possession either by the "original owner" or by subsequent grantees. All parties have been in privity. The "degree of control" language defendant cites in *Fitzgerald v. Neves, Inc., supra,* is·not applicable to the case at bench. It applies only where the property in dispute is "wild and unimproved" and there is no party in possession.

The court in *Kupka* promulgated the general rule, *i.e.,* the application of RCW 4.16.090 is limited to cases where the tax deed purchaser has entered into possession of the property. To construe the statute otherwise would reduce record title ownership to a mere right of action without regard to possession and subject it to being lost unless asserted by the record owner within the statutory 3–year period. Such an interpretation would deprive a record owner of his property without due process of law and would render the statute unconstitutional. *Kupka v. Reid, supra.*

Judgment affirmed.

REED, C.J., and PEARSON, J., concur.