[No. 5012-2-III.  Division Three.  June 21, 1983.]

WENATCHEE RECLAMATION DISTRICT, *Respondent,* v.
KENNETH A. MUSTELL, ET AL, *Appellants.*

*Wm. M. Hamilton,* for appellants.

*David E. Sonn* and *Jeffers, Danielson, Sonn & Aylward,* for respondent.

ROE, C.J.—Defendant Mustell[1] appeals a summary judgment which quieted title to a parcel of land against his claim and in favor of plaintiff Wenatchee Reclamation District (District).

According to the affidavit of the District's secretary, the District sent Mustell's predecessor in interest, William Hamilton,[2] a letter in 1963 advising him that the District would call for deeds from the county treasurer on Tax 59 if the delinquent irrigation assessment for 1961 was not paid. A letter dated September 29, 1964, advised Mr. Hamilton that the District had called for a treasurer's deed on Tax 59.[3] About 2 months later, on November 18, 1964, a tax

---

[1]For simplicity, we refer to the Mustells in the singular.

[2]Mr. Mustell is the nephew of Mr. Hamilton.

[3]A tax deed was issued to the District for Tax 49 as well, but Mr. Hamilton redeemed this parcel. Thus, only Tax 59 is the subject of this lawsuit.

deed was issued to the District on Tax 59 for failure to pay the $6.48 assessment. Seventeen years later, in 1981, the District became aware of a statutory warranty deed, recorded June 19, 1978, which purported to convey title to the subject property from Hamilton to Mustell. The District commenced this quiet title action and its motion for summary judgment was granted on January 12, 1982.

Defendant contends the irrigation assessment foreclosure proceeding pursuant to RCW 87.03 violates due process by its failure to provide an opportunity for a hearing and notice of such opportunity. We agree.

The fourteenth amendment to the United States Constitution and article 1, section 3 of the Washington State Constitution provide that no person shall be deprived of "life, liberty, or property, without due process of law". Former RCW 87.03.310[4] (Laws of 1955, ch. 60, § 1, p. 398)

---

[4]Former RCW 87.03.310 provided:

"On or before the thirty-first day of December of each year, *the treasurer of each county shall post or publish the delinquency list,* which shall contain the names of persons to whom the property is assessed and a description of the property delinquent and the amount of the assessment and costs due, *opposite each name and description.*

"If he posts the delinquency list, he shall append to and post *with the list a notice, at least twenty days before the sale, that unless the assessments together with costs and accrued interest are paid, the property will be sold at public auction.* One copy thereof shall be posted in his office, one copy in the office of the board, and three copies in public places in each of the voting precincts in that part of the district within the county. He shall thereupon publish a list of the places where the notices are posted, and a notice that unless delinquent assessments as contained in the list, together with costs and accrued interest are paid, the property will be sold at public auction. Such notice, if he posts the delinquency list, or the delinquency list and such notice, if he does not post the delinquency list, shall be published once a week for three successive weeks in a newspaper of general circulation published in the county. Both notices shall designate the time and place of sale. The time of sale shall be not less than twenty-one nor more than twenty-eight days from the date of posting and from the date of the first publication of the notice thereof, if the delinquency list is posted, or from the date of the first publication of the delinquency list and the notice in connection therewith, if the list is published, and the place shall be at some point designated by the treasurer." (Italics ours.)

The current statute, RCW 87.03.310, amended by Laws of 1981, ch. 209, § 2, p. 920, is essentially the same as the former but requires the county treasurer to post *and* publish the delinquency list.

provided for the sale of delinquent property in irrigation assessments upon the posting or publishing of a 20–day notice. There was no provision within RCW 87.03 for a hearing whereby the property owner may contest the assessment or sale of the property.

The issue of first impression is whether that statutory scheme for irrigation assessment foreclosure is constitutionally defective in failing to provide for a hearing.

■ We note at the outset, legislative enactments are presumed to be constitutional and the party challenging constitutionality of a specific statute has the burden of establishing beyond a reasonable doubt it is unconstitutional. *In re Harbert,* 85 Wn.2d 719, 538 P.2d 1212 (1975); *Buffelen Woodworking Co. v. Cook,* 28 Wn. App. 501, 504, 625 P.2d 703 (1981). RCW 87.03.240–.260 authorize irrigation districts to levy assessments. The levy and collection of the assessments provided for are strictly a proceeding in rem. *Outlook Irrig. Dist. v. Fels,* 176 Wash. 211, 219, 28 P.2d 996 (1934). No personal liability attaches to the owner of the property because of them. *Outlook.* Thus, in *Outlook* the court upheld the constitutionality of the statutory scheme (former Rem. Rev. Stat. § 4346–1 *et seq.* (Supp. 1933); Laws of 1933, ch. 194, p. 928, now RCW 87.03.375 *et seq.*) which authorizes an irrigation district to enforce an assessment lien by suit to quiet title upon notice by publication. The court quoted at page 216 from *Leigh v. Green,* 193 U.S. 79, 48 L. Ed. 623, 24 S. Ct. 390, 394 (1904):

> "Where the State seeks directly or by authorization to others to sell land for taxes upon proceedings to enforce a lien for the payment thereof, it may [proceed] directly against the land within the jurisdiction of the court, and a notice which permits all interested, who are 'so minded,' to ascertain that it is to be subjected to sale to answer for taxes, and to appear and be heard, whether to be found within the jurisdiction or not, is due process of law within the Fourteenth Amendment to the Constitution."

We are also mindful of earlier Washington cases which upheld similar foreclosure schemes. *See Williams v. Pit-*

*tock,* 35 Wash. 271, 77 P. 385 (1904); *Washington Timber & Loan Co. v. Smith,* 34 Wash. 625, 76 P. 267 (1904). *See also* Annot., *Constitutional Validity of Statute Providing for In Rem or Summary Foreclosure of Delinquent Tax Liens on Real Property,* 160 A.L.R. 1026 (1946).

■■ The above cited authorities, however, precede more recent efforts to define the fundamental requirements of procedural due process. "[D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard" *before* being deprived of any significant property interest, *Boddie v. Connecticut,* 401 U.S. 371, 377, 28 L. Ed. 2d 113, 91 S. Ct. 780, 785 (1971), and "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . .", *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652, 657 (1950). *See also Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 511 P.2d 1002 (1973); *Rosholt v. County of Snohomish,* 19 Wn. App. 300, 306, 575 P.2d 726 (1978). Certainly, there is no greater "property interest" protected by the constitution than that of a person's real property holdings. It seems to us that posting or publishing notice is not sufficient, particularly here where the legal description is not required. Furthermore, some opportunity for a hearing should be afforded a delinquent irrigation assessment assessee prior to foreclosure.

Other statutory schemes involving tax foreclosure require service of a notice and summons on the owner prior to sale of the subject property. *See* RCW 6.24 (mortgage foreclosures); RCW 35.67 (sewage lien foreclosures); RCW 84.64 (property tax foreclosures). The sewage lien and mortgage foreclosure statutes further require that the notice include the legal description of the property whereas RCW 87.03 does not. In order to divest the owner's title through a tax foreclosure, the property must be identified in the proceedings and described with reasonable certainty, so that a per-

son of ordinary intelligence could, from an examination of the foreclosure proceeding, locate the property to be foreclosed. *Kupka v. Reid,* 50 Wn.2d 465, 467, 312 P.2d 1056 (1957). *Kupka* held that where the description of the subject property merely designated it as part of a larger tract, without greater certainty as to the identity of the particular part sought to be foreclosed, the description was not sufficient to give the court jurisdiction in the tax foreclosure proceeding; thus, the judgment and sale were void. The same deficiency exists here.

In *Pierce Cy. v. Evans,* 17 Wn. App. 201, 563 P.2d 1263 (1977), the court held that although RCW 84.64.050 provides merely that notice of a property tax foreclosure must be given "in a manner reasonably calculated to inform the owner or owners of the foreclosure action", either by personal service or publication, the notice was insufficient where it failed to notify the property owner (1) of the right to appear and defend in the foreclosure action, (2) that failure to defend within 60 days would result in a judgment foreclosing the tax lien, (3) of the redemption right, and (4) that this right would expire the day before the sale. As in *Pierce Cy.,* "the procedures employed here were confusing with respect to the mechanics of the foreclosure proceeding, and could leave the owner uncertain as to his rights and the consequences of his inaction." *Pierce Cy.,* at 205. Just as the court in *Pierce Cy.* suggested, the Legislature should address itself to the vague and ambiguous language of the property tax foreclosure statutes, so the Legislature should address the irrigation assessment foreclosure statute, RCW 87.03.310. *See Pierce Cy.,* at 205 n.2. It seems to us even more compelling here where there is no statutory provision allowing for an opportunity to appear and defend in the foreclosure action. We hold the statutory procedure for irrigation assessment foreclosure, former RCW 87.03, as it existed in 1964, was unconstitutional and therefore the tax deed issued to plaintiff is void.[5]

---

[5]We note the foreclosure statute has been changed (see footnote 4) and we

■ The District's contention that defendant may not challenge the constitutionality of the statute for the first time on appeal is without merit. Although generally issues not presented to or considered by the trial court will not be considered on appeal, an exception is where the contention affects the jurisdiction of the trial court, *Robinson v. Peterson,* 87 Wn.2d 665, 675, 555 P.2d 1348 (1976); RAP 2.5(a)(1), or involves a constitutional claim. *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983); RAP 2.5(a)(3). Since the procedure specified in RCW 87.03.310 deprived defendant of due process of law, the court lacked jurisdiction; thus, its act was void. *See Pierce Cy.,* at 204.

■ Nor is defendant barred by former RCW 87.03.365 (Laws of 1939, ch. 171, § 8, p. 514) from challenging the validity of the tax deed. That statute creates a 3–year statute of limitation on setting aside tax deeds issued by the county treasurer for delinquent irrigation assessments. *Kupka* held the 3–year statute of limitation in tax foreclosure proceedings did not apply where the court never obtained jurisdiction to divest the owner of his title, since it was not the intent of the Legislature to enact a law which would deprive him and others similarly situated of their property without due process of law. The court further held the Legislature intended the statute to apply only in those instances where possession had been taken by the purchaser under the tax deed. Here, as in *Kupka,* the purchaser had not taken possession. Finally, here, as in *Buty v. Goldfinch,* 74 Wash. 532, 133 P. 1057 (1913), defendant has not initiated these proceedings. He seeks only to invoke the protection of his rights by way of defense.

> If the language of this statute should be given the construction claimed for it by counsel for [respondents], we are unable to see how it could be held to be a valid exercise of legislative power in the light of the due process of law provisions of the Federal and state constitutions.

*Buty,* at 536–37. Defendant may defend this action on the

---

express no opinion as to that new law.

120

ground the tax deed was void.

The trial court's summary judgment is reversed and the cause remanded for entry of a judgment quieting title to the subject property in defendant.

MUNSON and McINTURFF, JJ., concur.

Reconsideration denied October 4, 1983.

Review granted by Supreme Court December 16, 1983.