[No. 50045–2.   En Banc.   June 14, 1984.]

WENATCHEE RECLAMATION DISTRICT, *Petitioner*, v.
KENNETH A. MUSTELL, ET AL, *Respondents.*

722

*Jeffers, Danielson, Sonn & Aylward, P.S.,* by *David E. Sonn,* for petitioner.

*Wm. M. Hamilton* and *Daniel Ford,* for respondents.

*John A. Westland, Kermit M. Rudolf,* and *Walter L. Peterson* on behalf of State Association of Washington Irrigation Districts, amici curiae for petitioner.

PEARSON, J.—This case presents the issue of whether former RCW 87.03.310, which describes the procedures for foreclosing on delinquent irrigation assessments, fails to provide the notice and opportunity for a hearing required by due process. We hold that former RCW 87.03.310 is constitutionally defective. We further hold that former

RCW 87.03.365, a statute of limitations, does not prevent respondents in this case from challenging the validity of a tax deed obtained pursuant to the defective foreclosure proceedings.

I

Tax 59, the subject of this action, is a small piece of property located in the heart of a 10–acre parcel of land in Douglas County. In 1961, William Hamilton, the owner of the 10–acre parcel (and respondents' predecessor in interest), failed to pay the yearly irrigation assessments for Tax 59 and for another parcel, Tax 49. Hamilton was made aware of the delinquencies in 1961. By letter dated September 12, 1963, petitioner Wenatchee Reclamation District again informed Hamilton that the assessments were delinquent. The letter warned that if Hamilton did not pay the assessments (which amounted to $9.33), plus 10 percent interest, at the Douglas County Treasurer's office, the District would call for the deeds from the county treasurer. The assessments were not paid. On September 29, 1964, the District forwarded another letter to Hamilton, advising him that the District Board of Directors had called for a treasurer's deed to Tax 59 and Tax 49. Still the delinquent assessments went unpaid. On November 18, 1964, a tax deed was issued to the District for the subject property. Hamilton did not redeem the property within the 1–year period of redemption provided by statute.

The District has carried Tax 59 on its rolls since receiving the tax deed. Because the property is on the District's rolls, it is tax exempt and there have been no taxes or further irrigation assessments upon the property.

The procedures to be followed by the District in foreclosing on the delinquent irrigation assessments were set out in former RCW 87.03.310–.370. It appears from the record that these procedures were complied with in the instant case. Former RCW 87.03.310 provided that the county treasurer was to publish or post a list of delinquent assessments each year. The list was to include the names of persons to whom property was assessed, a description of the

property delinquent, and the amount assessed. If the list was posted, the treasurer was to publish a list of the places where posted. Whether published or posted, the delinquency list was to be accompanied by a 20-day notice of sale indicating where and when the property would be sold if the assessments were not paid. The statute contained no requirement that notice be mailed to delinquent property owners, or that such persons be personally served.[1] Nor did the statute require a hearing in connection with the sale.

In May 1978, Hamilton deeded the 10-acre parcel to his nephew, Ken Mustell. In 1981 the District discovered the deed from Hamilton to Mustell. In October 1981 the District commenced this action to quiet title to Tax 59. Thereafter, Mustell filed his answer to the quiet title complaint, requesting that the tax deed be set aside. The District moved for summary judgment. Based upon the pleadings and the affidavits filed in support of and in opposition to the motion, the court found that the District, after notifying Hamilton of the delinquency, had properly acquired the tax deed to Tax 59. The court determined that Mustell could not challenge the validity of the tax deed because the 3-year statute of limitations, former RCW 87.03.365, had expired on November 18, 1967. The court granted the motion for summary judgment, quieting title to Tax 59 in the District and awarding the District costs against Mustell.

Mustell appealed. The Court of Appeals reversed and remanded for entry of judgment quieting title in Mustell. *Wenatchee Reclamation Dist. v. Mustell,* 35 Wn. App. 113, 665 P.2d 909 (1983). The appellate court held that the statutory procedure for irrigation assessment foreclosure, former RCW 87.03, as it existed in 1964, was unconstitutional because it failed to provide notice and an opportunity for a hearing. Therefore, the court held the tax deed void. We affirm.

---

[1]The present version of RCW 87.03.310 *does* require that notice be sent by first class mail to the owner of record at least 10 days before the sale.

## II

The first issue we address is whether notice by publication or posting is sufficient, under the due process clause of the Fourteenth Amendment, to inform a property owner of an upcoming special assessment foreclosure. We hold that it is not.

In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950), the Supreme Court held that prior to an action which will have a direct and adverse effect on an interest in life, liberty, or property protected by the due process clause, a state must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Applying this "elementary and fundamental requirement of due process", 339 U.S. at 314, the Court held that published notice of an action to settle the accounts of a common trust fund was not sufficient to inform beneficiaries of the trust whose names and addresses were known.

Prior to *Mullane,* due process rights tended to vary depending on whether an action was in rem or in personam. Personal service was considered essential when a state court based its jurisdiction upon its authority over a defendant's person; constructive notice to nonresidents satisfied the requirements of due process when jurisdiction was based upon the court's authority over property within its territory. *See generally Shaffer v. Heitner,* 433 U.S. 186, 196–205, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977). The *Mullane* Court, however, rejected this distinction between in rem and in personam actions for purposes of determining the sufficiency of notice, stating "we think that the requirements of the Fourteenth Amendment . . . do not depend upon a classification for which the standards are so elusive . . ." 339 U.S. at 312.

In subsequent cases, the Supreme Court has adhered to the principle announced in *Mullane.* In *Schroeder v. New York,* 371 U.S. 208, 9 L. Ed. 2d 255, 83 S. Ct. 279, 89

A.L.R.2d 1398 (1962), for example, the Court concluded that publication in a newspaper and posted notices were inadequate to inform a property owner of condemnation proceedings when his name and address were readily ascertainable from deed records and tax rolls. Recently, in *Mennonite Bd. of Missions v. Adams*, __ U.S. __, 77 L. Ed. 2d 180, 103 S. Ct. 2706 (1983), the Court held that notice by publication and posting does not provide a mortgagee of real property adequate notice of a proceeding to sell the mortgaged property for nonpayment of property taxes. The Court reasoned that, since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. Constructive notice to a mortgagee who is identified in the public record does not satisfy *Mullane*. Personal service or mailed notice is required. *Mennonite*, 103 S. Ct. at 2711–12.

The case at bench is controlled by the analysis in *Mullane* and *Mennonite*. A property owner obviously has a legally protected property interest. He is entitled to notice by means "such as one desirous of actually informing the [property owner] might reasonably adopt to [inform him of the impending foreclosure]." *Mullane*, 339 U.S. at 315. Notice by publication and posting is constitutionally inadequate where the name and address of the owner are known or can be discovered by the governmental entity with minimal effort; personal service or mailed notice is required. *Mennonite*, 103 S. Ct. at 2712. *See also Montville v. Block 69, Lot 10*, 74 N.J. 1, 376 A.2d 909 (1977); *Dow v. State*, 396 Mich. 192, 240 N.W.2d 450 (1976); *Laz v. Southwestern Land Co.*, 97 Ariz. 69, 397 P.2d 52 (1964). As former RCW 87.03.310 did not require that an owner of property which was subject to an irrigation assessment foreclosure be notified of the foreclosure proceedings by personal service or mail, that statute failed to provide for the notice required by due process.

### III

The District argues that, even if the notice provisions of former RCW 87.03.310 are found to have been violative of

due process, respondents lack standing to attack those provisions. The District points to the prevailing rule that one who challenges the constitutionality of a governmental action must show that he was prejudiced by the action complained of. *See MacLean v. First Northwest Indus. of Am., Inc.,* 96 Wn.2d 338, 347, 635 P.2d 683 (1981). The District asserts that respondents were not prejudiced by the constitutional deficiencies in the notice provisions of RCW 87.03.310 because Hamilton (respondents' predecessor) did in fact receive notice in the mail that the assessment on Tax 59 was delinquent and that Tax 59 would be sold. Respondents argue, however, that they were prejudiced because: (1) the notice received by Hamilton failed to describe the subject property with sufficient specificity, and (2) the content of the notice actually received did not comport with due process.

## A

■ The general rule with respect to descriptions of property in tax foreclosures is that the property must be identified and described with reasonable certainty, so that a person of ordinary intelligence can, from an examination of the foreclosure proceedings, locate the property. *Stritzel v. Smith,* 20 Wn. App. 218, 220, 579 P.2d 404 (1978). *See also Centralia v. Miller,* 31 Wn.2d 417, 197 P.2d 244 (1948). If the description affords an intelligent means of identifying the property and does not mislead, it is sufficient. 31 Wn.2d at 424.

The record does not reveal the specificity of the notice of delinquency received by Hamilton in 1961. In 1963 and 1964, however, the District mailed notice of foreclosure to Hamilton describing the subject property as "Tax #59 in Lot 60, East Wenatchee Land Co's. Plat, Sec. 13–22–20".

Respondents correctly point out that where a description merely indicates that the subject property is part of a larger tract, without greater certainty, that description is not sufficient and the subsequent foreclosure is void. *Kupka v. Reid,* 50 Wn.2d 465, 312 P.2d 1056 (1957). In *Kupka,* the

court held that the description "SE 1/4 SE 1/4 ex. trs. sold 11–22–1W" was inadequate. 50 Wn.2d at 468. The court noted that the description did not enable an interested party to identify the subject property by going to the records.

The description which was provided in the instant case suffers from no such defect. Tax 59 is, and has been since 1958, a distinct parcel of land. It is labeled as such on the assessor's map. It is not merely an unspecified portion of a larger tract, as was the subject property in *Kupka*. The property description given in the instant case should have directed Hamilton to the assessor's office, where he could have ascertained the exact location of Tax 59. As the property description received by Hamilton afforded him an intelligent means of identifying the subject property, the description was adequate.

## B

The fact that the notice received by Hamilton contained an adequate description of the property to be foreclosed upon does not necessarily mean, however, that the content of the notice was constitutionally sufficient. Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). The record before us indicates that Hamilton was not informed of the time and place at which his property would be sold; nor was he informed that he could appear to contest the foreclosure proceedings. While the notice did inform Hamilton that he must redeem the land to keep it, no mention was made of when the right of redemption ended. In *Pierce Cy. v. Evans*, 17 Wn. App. 201, 205, 563 P.2d 1263 (1977), the court held that notice suffering from similar defects was not given "in a manner reasonably calculated to inform the owner or owners of the foreclosure action." We agree.

In short, the notice actually received by Hamilton did

not comport with the guaranties of due process. Thus, respondents have standing to attack the notice provisions of former RCW 87.03.310, which we find to have been un–constitutional.

## IV

The Court of Appeals, in addition to holding the notice provisions of former RCW 87.03.310 unconstitutional, also held that the foreclosure scheme of RCW 87.03 violated due process because "[t]here was no provision within RCW 87.03 for a hearing whereby the property owner may contest the assessment or sale of the property." 35 Wn. App. at 116. The District asserts that the provisions in RCW 87.03-.250 and RCW 87.03.255 provide sufficient notice and opportunity for a hearing to divest a taxpayer of his property pursuant to an irrigation lien foreclosure. RCW 87.03-.250 provides that the District will publish notice annually that the District's Board will meet to equalize irrigation assessments. RCW 87.03.255 provides that taxpayers may present their objections to the District's Board when the Board meets to equalize assessments. Thus, the District is contending that once a taxpayer has had an opportunity to contest the fairness of the irrigation assessment, the District may later foreclose on the property subject to the assessment without any further hearing or notice thereof.

The District's arguments may support the contention that, if the statutory requirements were followed, there was due process in the *assessment* of the property. The issue here, however, is whether the District complied with requirements of due process in the irrigation lien *foreclosure* proceeding. The District presents no authority to indicate that the proceedings regarding equalization of assessments provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [foreclosure] action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314.

In *Boddie v. Connecticut,* 401 U.S. 371, 28 L. Ed. 2d 113,

91 S. Ct. 780 (1971), the Supreme Court (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965) and *Mullane,* 339 U.S. at 313) held that due process requires that a person be afforded an opportunity, "granted at a meaningful time and in a meaningful manner, . . . for [a] hearing appropriate to the nature of the case . . ." 401 U.S. at 378. *See also Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 511 P.2d 1002 (1973). A hearing which inquires into the amount of an assessment is neither meaningful nor appropriate when the issue is whether a foreclosure on that assessment is fair or not. Thus, the assessment equalization hearing provided by RCW 87.03.255 is not enough to comport with the requirements of due process with respect to assessment foreclosure proceedings.

## V

The final issue we address is whether former RCW 87.03.365 prevents respondents from challenging the validity of the District's tax deed.

Former RCW 87.03.365 (repealed effective December 1, 1981) created a 3–year statute of limitations on "[a]ctions to set aside or cancel" tax deeds issued by the county treasurer for delinquent irrigation assessments. The Court of Appeals, relying on *Kupka v. Reid, supra,* correctly determined that the statute did not apply in this case.

In *Kupka v. Reid,* 50 Wn.2d 465, 312 P.2d 1056 (1957), this court was faced with the question of whether a statute of limitations, very similar to that in the case at bench, could operate as a defense where the court lacked jurisdiction in the tax foreclosure proceeding because of insufficient notice. The court announced the general rule that tax deeds are favored and cannot be attacked by an original owner after the expiration of 3 years, regardless of whether the deed has been executed under a void judgment. The court then held, however, that this rule only applied where the holder of the tax deed was in possession of the realty. 50 Wn.2d at 470–71. An original owner who

remained in possession of the realty would not be affected by the statute.

In the case at bench, it appears that respondents' predecessor, Hamilton, remained in possession of the subject property. The record is vague as to exactly how much control Hamilton and respondents exercised over the land. It does appear that the land was fenced off. In any event, the District does not appear to have done anything which could be construed as taking actual possession of the land, apart from removal of the property from the tax rolls.

Here, as in *Buty v. Goldfinch,* 74 Wash. 532, 133 P. 1057 (1913), respondents are not barred from challenging the validity of the tax deed because they did not initiate these proceedings. Respondents seek only to invoke the protection of their rights by way of defense.

"The right to commence and prosecute an action may be lost by delay, but the right to defend against a suit for the possession of property is never outlawed. The limitation law may, in a possessory action, deprive a suitor of his sword, but of his shield never."

*Kupka,* 50 Wn.2d at 471 (citing *Pinkham v. Pinkham,* 61 Neb. 336, 85 N.W. 285 (1901)).

## VI

Finally, we must decide whether costs and attorney fees should be awarded the District under RCW 87.03.375, which states:

In any and all instances in this state in which a treasurer's irrigation assessment deed to real property has been or shall be issued to an irrigation district pursuant to statute and before the district conveys title or an interest in the real property thus acquired, the irrigation district shall institute an action in the superior court in the county where the land is located to quiet title against any and all defects; and to determine adverse claims and the priority thereof as provided in this chapter. Further, the irrigation district shall institute such an action upon the written demand of any person, firm, or corporation claiming an interest in or to such lands. If the action results in a reconveyance of the lands, the court shall

order the person, firm, or corporation to pay the irriga-
tion district all costs incurred by the district in the
action, including reasonable attorneys' fees.

Respondents argue that the District is not entitled to
costs and fees under the statute because a valid deed was
never "issued" to the District; they contend that the lack of
adequate notice voided the deed, making it as if the deed
never existed for purposes of RCW 87.03.375.

Respondents' argument fails, however, to take into
account the last sentence of RCW 87.03.375. That sentence
applies to just the type of situation before us: the issuance
to an irrigation district of a treasurer's deed which is defec-
tive so as to require a reconveyance of the subject property.
Adoption of respondents' position would render this por-
tion of the statute meaningless. We have said that "[s]tat-
utes should not be interpreted in such a manner as to
render any portion meaningless, superfluous or question-
able." *Avlonitis v. Seattle Dist. Court,* 97 Wn.2d 131, 138,
641 P.2d 169, 646 P.2d 128 (1982). Thus, we hold that the
District is entitled to an award of costs and fees in an
amount to be determined on remand.

We affirm the Court of Appeals. Former RCW 87.03.310
does not provide the requisite notice reasonably calculated
under the circumstances to apprise interested parties of the
pendency of the foreclosure action, nor does the statute
provide a hearing regarding the foreclosure. The 3–year
statute of limitations does not bar respondents' challenge to
the foreclosure proceedings. We remand for entry of a
judgment in accordance with this opinion.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOL-
LIVER, DORE, and DIMMICK, JJ., and CUNNINGHAM, J. Pro
Tem., concur.

After modification, further reconsideration denied Octo-
ber 10, 1984.